IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE PRESERVE, *a Utah Landowners' Association,*<br><br>                    Plaintiff,<br>v.<br><br>KAMAS CITY, *a Utah municipal corporation*, KAMAS VALLEY PRESERVATION ASSOCIATION, *an association*; MATT MCCORMICK*, an individual*; JERAMY BRISTOL, *an individual*; LINDY STERNLIGHT, *an individual*; CRAIG SAVAGE, *an individual*; and DOES I-X, *inclusive,*<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER DENYING IN PART PLAINTIFF'S EX PARTE MOTION TEMPORARY RESTRAINING ORDER<br><br><br>Case No. 2:25-CV-735 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff The Preserve LLC's Ex Parte Motion for

Emergency Temporary Restraining Order.[1] For the reasons discussed below, the Court will deny

Plaintiff's Motion to the extent it seeks ex parte relief.

I.  BACKGROUND

According to the facts asserted in the Complaint, Plaintiff is a Utah LLC that owns 266

acres of land within an area that has been formally proposed for incorporation as a new town to

be called West Hills. Pursuant to Utah Code § 10-2a-2, et seq, the incorporation of West Hills is

a formally recognized ballot proposition, which will be subject to public vote in November

2025.

---

[1] Docket No. 2.

Defendants include Kamas City; Kamas Valley Preservation Association ("KVPA"), a Utah non-profit organization; Kamas City Mayor Matt McCormick; and individuals associated with KVPA. Plaintiff asserts that, since at least 2024, Defendants have acted in concert to launch an unlawful campaign against the incorporation of West Hills. Specifically, on April 22, 2025, the Kamas City Council adopted a formal resolution, proposed by KVPA, opposing the incorporation of West Hills. Further, Plaintiff asserts that Mayor McCormick unlawfully used "public spaces, resources and official authority to improperly influence the vote."[2]

Plaintiff now seeks an ex parte emergency injunction "because any delay in issuing immediate relief will allow Defendants to continue unlawful electioneering using public resources to influence the upcoming election, further tainting the electoral process."[3]

## II. DISCUSSION

Federal Rule of Civil Procedure 65(b)(1) provides that a court may issue a temporary restraining order without notice to the adverse party

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiffs have not included either (A) an affidavit or verified complaint with their Motion or (B) a written certification from their attorney explaining any efforts towards notifying Defendants. Accordingly, they have failed to meet the requirements Rule 65(b)(1). Instead, in support of ex parte relief, their Motion asserts only generally that "providing advance notice would risk prompting Defendants to take additional actions that could irreparably harm the

---

[2] *Id.* at 2.

[3] *Id.* at 3.

election."[4] Such a vague and unspecific assertion fails to "clearly show that immediate and irreparable injury, loss or damage will result" before the Court can hear from Defendants. Further cutting against ex parte relief is that Plaintiff waited several months to assert that the resolution, which passed in April of this year, presents an emergency. Accordingly, the Court will follow the briefing schedule provided by the local rules.

## III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Ex Parte Motion for Emergency Restraining Order (Docket No. 2) is DENIED in part. It is further

ORDERED that pursuant to DUCiv 7-1(a)(4)(C), Plaintiff shall have 14 days from the date of the Defendant's Response to file a reply.

DATED this 2nd day of September, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[4] *Id.* at 2.